UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION<br><br>Plaintiff,<br><br>vs.<br><br>ANNA LADANYI AND MICHAEL TATAR<br><br>Defendants. | CASE NO.   2:25-cv-824 |

**COMPLAINT**

Plaintiff, KeyBank National Association ("KeyBank" or "Plaintiff"), by and through its attorneys, Duane Morris, LLP, sues Defendants Anna Ladanyi and Michael Tatar, and alleges as follows:

**PARTIES**

1. Plaintiff, KeyBank is a national banking association, organized under the laws of the United States of America, with offices located at 127 Public Square, Cleveland, Ohio 44114.

2. Defendant, Anna Ladanyi ("Ladanyi") is an adult individual residing at 200 Arlington Drive, Placida, Florida 33946.  Ladanyi is a resident of the State of Florida.

3. Defendant, Michael Tatar ("Tatar") is an adult individual residing at 200 Arlington Drive, Placida, Florida 33946.  Tatar is a resident of the State of Florida.

4. Ladanyi and Tatar shall be referred collectively to as the "Defendants."

**JURISDICTION AND VENUE**

5. The United States District Court for the Middle District of Florida possesses diversity jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332(a) because the matter in

controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in Charlotte County, Florida, as this is the judicial district in which Defendants reside.

## STATEMENT OF FACTS

### I. The Auto Trade, Inc. Loans

7. On or about April 27, 2023, Auto Net Trade, Inc. ("AutoNet") borrowed the original principal amount of $300,000.00 from KeyBank ("First Loan"), as evidenced by a Promissory Note executed by AutoNet in favor of KeyBank dated April 27, 2023 ("First Note"). A true and correct copy of the First Note is attached hereto as **Exhibit A.**

8. As security for the Loans, Ladanyi and Tatar each executed and delivered to KeyBank a Guaranty dated April 27, 2023, pursuant to which Ladanyi and Tatar unconditionally and absolutely guaranteed the punctual and full performance of all liabilities and obligations of the AutoNet owing to KeyBank on the First Note ("First Loan Guaranties"). A true and correct copy of the First Loan Guaranties are attached hereto as **Exhibit B**.

9. On or about April 27, 2023, AutoNet borrowed the original principal amount of $250,000.00 from KeyBank ("Second Loan"), as evidenced by a Promissory Note executed by AutoNet in favor of KeyBank dated April 27, 2023 ("Second Note"). A true and correct copy of the Second Note is attached hereto as **Exhibit C.**

10. As security for the Second Loan, Ladanyi and Tatar each executed and delivered to KeyBank two Guaranties dated April 27, 2023, pursuant to which Ladanyi and Tatar each unconditionally and absolutely guaranteed the punctual and full performance of all liabilities and

obligations of the AutoNet owing to KeyBank ("Second Loan Guaranties"). A true and correct copy of the Second Loan Guaranties are attached hereto as **Exhibit D**.

## II. The Geniumz Loans

11. On or about May 26, 2023, Geniumz Inc. ("Geniumz") borrowed the original principal amount of $856,337.28 from Key Equipment Finance, a Division of KeyBank ("Third Loan"), as evidenced by a Promissory Note executed by Geniumz in favor of KeyBank dated May 26, 2023 ("Third Note"). A true and correct copy of the Third Note is attached hereto as **Exhibit E.**

12. On July 12, 2023, the Third Note section 2 was amended pursuant to that Amendment No. 01 to Promissory Note ("Third Note Amendment"). A true and correct copy of the Third Note Amendment is attached hereto as **Exhibit F**.

13. As security for the Third Loan, Ladanyi and Tatar executed and delivered to KeyBank a Guaranty dated May 26, 2023, pursuant to which Ladanyi and Tatar unconditionally and absolutely guaranteed the punctual and full performance of all liabilities and obligations of the Geniumz owing to KeyBank on the Third Note ("Third Guaranty"). A true and correct copy of the Third Guaranty is attached hereto as **Exhibit G**.

14. On May 18, 2023, Geniumz borrowed the original principal amount of $158,000.00 from KeyBank ("Fourth Loan"), as evidenced by a Promissory Note executed by Geniumz in favor of KeyBank dated May 18, 2023 ("Fourth Note"). A true and correct copy of the Fourth Note is attached hereto as **Exhibit H.**

15. As security for the Fourth Loan, Ladanyi and Tatar each executed and delivered to KeyBank a Guaranty dated May 26, 2023, pursuant to which Ladanyi and Tatar each unconditionally and absolutely guaranteed the punctual and full performance of all liabilities and

obligations of the Geniumz owing to KeyBank on the Fourth Note ("Fourth Guaranties"). A true and correct copy of the Fourth Guaranties are attached hereto as **Exhibit I.**

16. On August 22, 2023, Geniumz borrowed the original principal amount of $90,100.00 from KeyBank ("Fifth Loan"), as evidenced by a Promissory Note executed by Geniumz in favor of KeyBank dated August 22, 2023 ("Fifth Note"). A true and correct copy of the Fifth Note is attached hereto as **Exhibit J.**

17. As security for the Fifth Loan, Ladanyi and Tatar each executed and delivered to KeyBank a Guaranty dated August 22, 2023, pursuant to which Ladanyi and Tatar each unconditionally and absolutely guaranteed the punctual and full performance of all liabilities and obligations of the Geniumz owing to KeyBank on the Fifth Note ("Fifth Guaranties"). A true and correct copy of the Fifth Guaranties are attached hereto as **Exhibit K.**

18. Geniumz and AutoNet shall be referred collectively to as the "Borrowers."

19. The First Note, Second Note, Third Note, Fourth Note and Fifth Note, and any amendments thereto, shall be referred collectively to as the "Notes."

20. The First Loan, Second Loan, Third Loan, Fourth Loan and Fifth Loan shall be referred collectively to as the "Loans."

21. The First Loan Guaranties, Second Loan Guaranties, Third Guaranty, Fourth Guaranties and Fifth Guaranties shall be referred collectively to as the "Guaranties."

22. The Notes and Guaranties, together with all agreements, instruments, financing statements and other writings pertaining to the Loans are referred to, collectively, as the "Loan Documents."

**III.     The Default**

23.     Under the Notes, the Borrowers were required to make monthly payments to KeyBank, of principal plus interest and/or accrued and unpaid interest on the outstanding principal balance of the Notes, on the first day of each calendar month.  See Exs. A, C, E, H, and J.

24.     The failure to make any payment when due under the Notes constituted an Event of Default under the Loan Documents.  See Exs. A, C, E, H, and J.

25.     Borrowers failed to make the monthly payments to KeyBank under the Notes due beginning January 18th, 2024, and continuing each month thereafter.

26.     Pursuant to the terms of the Notes, for any payment not made within ten (10) days after its due date, Borrowers agreed to pay a late fee in an amount equal to 5% of the amount of the payment not made or $25.00, whichever is greater.  See Exs. A, C, E, H, and J.

27.     Pursuant to the Notes, upon default, the entire outstanding principal balance of the Notes, together with all accrued and unpaid interest and costs of collection of all amounts under the Notes, is due and payable upon demand by KeyBank.   See Exs. A, C, E, H, and J.

28.     On June 17, 2025, KeyBank issued a Notice of Default as a result of AutoNet defaults in the performance of its obligations under the Loan Documents ("AutoNet Notice").  A true and correct copy of the AutoNet Notice is attached hereto as **Exhibit L.**

29.     On June 17, 2025, KeyBank issued a Notice of Default as a result of Geniumz defaults in the performance of its obligations under the Loan Documents ("Geniumz Notice").  A true and correct copy of the Geniumz Notice is attached hereto as **Exhibit M.**

30.     As of the date hereof, the amounts due under the Loan Documents still have not been paid and are hereby demanded.

31. As a result, Events of Default have occurred and are continuing under the Loan Documents. See Exs. A, C, E, H, and J.

32. The Borrowers further agreed to pay, jointly and severally on demand, all costs and expenses of KeyBank, including but not limited to costs and expenses in connection with the enforcement of any Loan Documents. See Exs. A, C, E, H, and J.

33. Pursuant to the terms of the First, Second, Fourth and Fifth Notes, upon default, the interest rate shall be increased by 3.00 percentage points. See Exs. A, C, H, and J.

34. Pursuant to the terms of the Third Note, upon default at KeyBank's election, Borrowers shall pay interest at the rate of 18% per annum or the maximum rate permitted by law. See Ex. E.

## IV. The Amounts Due

35. As of September 4, 2025, the amounts due and owing to KeyBank under the Notes, and for which the Guaranties guarantee payment to KeyBank are as follows:

| | |
|---|---|
| **First Note (901528912900002)** | |
| Principal Balance | $262,131.94 |
| **Second Note (901528912900001)** | |
| Principal Balance | $261,794.88 |
| **Third Note (2003343571)** | |
| Principal Balance | $325,465.84. |
| Interest | $1,812.92 (per diem interest $72.52) |
| Payments Due | $374,254.01 |
| Payoff | 701,532.78 |
| **Fourth Note (901528917800001)** | |
| Principal Balance | $140,402.67 |
| **Fifth Note (901528917800002)** | |
| Principal Balance | $84,798.54 |
| **Total Amount Due** | **$1,450,660.81*** |

* Plus interest accruing on the Third Note after 9/04/25 at the per diem rate of $72.52 until the date the indebtedness is paid.

36. As of September 4, 2025, KeyBank has incurred attorneys' fees in the amount of $21,343.00, for which the Borrowers are liable under the Loan Agreement, and for which the Guaranties guarantee payment to KeyBank.

37. Accordingly, as of September 4, 2025, there is due and owing a total of $1,472,003.81 under the Loan Documents, together with interest accruing after September 4, 2025, plus KeyBank's fees and costs, which continue to accrue.

38. The liability of Defendants under the Guaranties is absolute and unconditional and due immediately when the obligations of the Borrowers are due and payable, regardless of whether or not KeyBank shall have theretofore proceeded or shall then be proceeding against any Borrowers or any property securing the obligations to collect payment of the obligations. See Exs. B, D, G, and J.

39. Defendants have not paid to KeyBank the amount owed by the Borrowers under the Loan Documents.

40. Defendants are in default of their obligations under the Guaranties.

41. Pursuant to the Guaranties, Defendants, as the Guarantors, are responsible for the outstanding indebtedness of Borrowers.

42. Defendants are obligated to immediately pay KeyBank all amounts due and owing KeyBank.

43. All conditions precedent to the maintenance of this civil action, if any, have occurred, been performed, or have been waived.

44. KeyBank has retained the undersigned attorneys to represent it in the prosecution of this action and is obligated to pay its attorneys their reasonable fees and expenses.

## CAUSES OF ACTION

### COUNT I – Breach of Contract

45. KeyBank incorporates and realleges paragraphs 1-44 as if fully set forth herein.

46. As an inducement for KeyBank to make the Loans to Borrowers, Defendants unconditionally guaranteed to KeyBank the prompt and punctual payment, when due, upon maturity, by acceleration or otherwise, of all the obligations that KeyBank extended to Borrowers, or that Borrowers incurred in KeyBank's favor. See Exs. B, D, G, and J.

47. As a result of Borrowers' breach of its obligations under the Notes, Defendants became immediately responsible for the outstanding principal balances, plus accrued interest, attorneys' fees and costs due thereunder.

48. Defendants have breached their obligations under the Guaranties, which breach has caused KeyBank to suffer pecuniary damages.

49. Pursuant to the Guaranties, Defendants are obligated to pay KeyBank all amounts owed, including but not limited to principal, interest, costs, expenses, legal costs and other fees and charges owed under the Loan Documents.

50. Pursuant to the Guaranties, Defendants are obligated to pay KeyBank's legal costs incurred in connection with enforcement and collection of the Guaranties.

51. KeyBank has found it necessary to retain the services of undersigned counsel for the purpose of instituting and prosecuting this action and has agreed to pay a reasonable fee for their services and the costs and expenses of this proceeding.

52. As a direct result of Defendants' breach of the Guaranties, there is due and owing from them an amount exceeding $1,472,003.81, plus accruing interest, attorneys' fees and costs, pursuant to the terms of the Guaranties.

**WHEREFORE,** Plaintiff KeyBank National Association respectfully requests that this Court enter judgment in its favor and against Defendants, for all sums due under the Guaranties in the amount of $1,472,003.81, plus reasonable attorneys' fees and costs and such other relief as the Court deems just and proper.

Dated: September 17, 2025

Respectfully Submitted,

**DUANE MORRIS LLP**

By: */s/ Kassia Fialkoff*
    Kassia Fialkoff (FBN 117708)
    KFialkoff@duanemorris.com
    Boca Center Tower II
    5100 Town Center Circle, Suite 400
    Boca Raton, FL 33486-1008
    Tel: (305) 960-2200
    Fax: (305) 960-2201

    *Counsel for Plaintiff*